IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARMOD RASHAD JAHMAL BOSWELL, )<br>a.k.a., Armond Boswell, )<br>  )<br>Plaintiff, )<br>  )<br>v.   )<br>  )<br>LARRY NIXON, )<br>  )<br>Defendant. ) | CIVIL ACTION NO. 2:18-CV-632-WKW |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Armod Rashad Jahmal Boswell, an inmate incarcerated at the Autauga Metro Jail at the time he initiated this case. In the instant action, Boswell alleges that the defendant subjected him to an illegal arrest on June 8, 2017 because "[h]e arrested me without any sort of warrant being out for my arrest." Doc. 12 at 3.

The defendant filed a special report supported by relevant evidentiary materials, including a declaration from the defendant and jail records addressing Boswell's claim for relief. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Boswell. Specifically, the defendant maintains that there has been no violation of Boswell's constitutional rights with respect to his arrest on June 8, 2017 as arrest warrants had been issued by the Circuit Court of Autauga County, Alabama on May 22, 2017 for his failure to appear for probation revocation on May 22, 2017 and an

additional warrant issued on May 24, 2017 for obstructing governmental operations. Doc. 24-1 at 3–7.

In light of the foregoing, the court issued an order directing Boswell to file a response to the defendant's written report. Doc. 25. The order advised Boswell that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 25 at 2. Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 25 at 2.

The time allotted to Boswell for filing a response in compliance with the directives of this order expired on February 19, 2019. As of the present date Boswell has failed to file a response in opposition to the defendant's written report. The court therefore finds that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga.*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, the court finds that dismissal of this case is the proper course of action. Initially, the court observes that the imposition of monetary or other punitive sanctions against Boswell would be ineffectual because he is an indigent individual. Next, Boswell's inaction in the face of the defendant's report and evidence suggests a loss of interest in the continued prosecution of this case. Moreover, the evidentiary materials submitted by the defendant, which are at this point undisputed by

Boswell, demonstrate that no violation of the Constitution occurred. Finally, it appears that any additional effort by this court to secure Boswell's compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently, the court concludes that the abandonment of this case by Boswell and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

For these reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **May 22, 2019** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 8th day of May, 2019.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE